UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESPINOZA, JR.,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 1:17-cv-00705-DAD-JDP (HC)<br><br>ORDER ADOPTING RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DENIED<br><br>(Doc. No. 13) |

Petitioner Carlos Espinoza, Jr., a state prisoner proceeding on his own behalf, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 15, 2019, the assigned magistrate judge issued findings and recommendations recommending that the court deny the pending petition and decline to issue a certificate of appealability. (Doc. No. 13.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id*. at 13.) On August 30, 2019, petitioner moved for a sixty-day extension of time to file his objections to the findings and recommendations. (Doc. No. 14.) Although the assigned magistrate judge denied petitioner's motion for an extension of time (Doc. No. 15), petitioner nonetheless filed untimely objections on September 23, 2019. (Doc. No. 16.)

1

Out of an abundance of caution, the undersigned has considered the petitioner's untimely objections to the pending findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Petitioner asserts a single claim in the pending petition; that he received ineffective assistance of counsel in connection with the rejection of a plea offer.[1] The assigned magistrate judge recommended that federal habeas relief be denied as to that claim, concluding that a reasonable jurist could conclude petitioner had failed to demonstrate prejudice as a result of his counsel's allegedly deficient performance as required under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 13 at 13.)

The Supreme Court has held:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147 (2012).

In his belated objections, petitioner argues that while a more favorable plea offer than the one he ultimately accepted was relayed to him, he was denied an opportunity to take advantage of that earlier, more favorable offer. (Doc. No. 16 at 15.) According to petitioner, the Public Defender's Office "rendered it impossible" for him to communicate with any counsel while the plea offer was pending; he was effectively left without counsel the entire time his first attorney

---

[1] The circumstances under which this claim arises involve three different defense attorneys representing petitioner in the underlying state court criminal proceedings, with each replacing the other. Those circumstances are discussed in detail in the pending findings and recommendations and will not be repeated here.

2

was ill before eventually retiring; and his second attorney ultimately rejected the more favorable plea offer, one that would have been to a less serious charge but with the same sentence, without his authorization. (*Id.* at 15–16.) Although petitioner alleges that he tried to accept the arguably more favorable plea offer on two occasions (*id.* at 16), the assigned magistrate judge concluded that a reasonable jurist could conclude otherwise since petitioner's representations were not supported by the record of the state court proceedings. (Doc. No. 13 at 12.) Specifically, the assigned magistrate judge based this conclusion on petitioner's failure to explain why he allegedly requested more time to discuss with his father the more favorable offer that was being preliminarily explored by his third lawyer if petitioner had actually previously called the Public Defender's Office to tell his first lawyer he was accepting that exact same offer. (*Id.* at 12.) In addition, the assigned magistrate judge noted that petitioner had made no showing as to why he never mentioned his acceptance of the earlier, more favorable plea offer when he appeared in court to continue his trial date a month after, as he now claims, he had already decided to accept the offer. (*Id.*)

Based upon the circumstances noted above, the findings and recommendations therefore concluded that petitioner had not made a showing sufficient to meet the prejudice prong of the *Strickland* test. The undersigned agrees with this conclusion[2] since petitioner has failed to show that absent the alleged ineffective assistance of counsel, he would have accepted the arguably more favorable plea offer before it was inadvertently rejected by his second attorney. *See Frye*,

---

[2] The California Court of Appeal concluded that petitioner had failed to establish that his second attorney's inadvertent rejection of the prosecution's more favorable plea offer without petitioner's knowledge or consent constituted ineffective assistance. *People v. Espinoza*, Case No. FO72381, 2016 WL 6892244, at *7–8 (Cal. Ct. App. Nov. 23, 2016). The pending findings and recommendations specifically declined to reach the question of whether trial counsel's performance was constitutionality deficient. (Doc. No. 13 at 12.) For good reason, the undersigned declines to reach this question as well in light of the conclusion that petitioner has failed to establish prejudice. Nonetheless, the undersigned has serious doubt that that the state appellate court's determination that defense counsel's performance—rejecting a plea offer without consulting with the client and without confirming the terms of last plea offer—was not constitutionally deficient is one with any reasonable basis in the law. *See Jones v. Woods*, 114 F.3d 1002, 1012 (9th Cir. 1997) ("Jones further argues that his trial lawyer failed to inform him of the prosecution's offer of a plea bargain before he rejected it on Jones's behalf. . . . [W]e believe this contention, if proven, might rise to the level of ineffective assistance of counsel[.]").

566 U.S. at 147; *Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (noting that to establish prejudice in this context the petitioner must show, among other things, that "there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the . . . sentence . . . under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed"); *Jones*, 114 F.3d at 1012 ("In order to prove prejudice where counsel fails to inform the petitioner about a plea offer, the petitioner must prove there was a reasonable probability he would have accepted the offer."). In this case, it is undisputed that petitioner was informed by his counsel of the arguably more favorable plea offer and, in fact, petitioner never accepted that offer over a period of time extending at least six months. This fact belies petitioner's after-the-fact claim that he wanted to accept that offer.

Finally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's determination that petitioner has failed to establish prejudice stemming from his counsel's alleged ineffective assistance debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

/////

4

Accordingly:

1. The findings and recommendations issued on August 15, 2019 (Doc. No. 13) are adopted;
2. This petition for writ of habeas corpus is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to enter judgment in favor of respondent and close this case.

IT IS SO ORDERED.

Dated: **February 27, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE